UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PAMELA C. PETERSEN,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendants. | Case No. 2:13-cv-01147-RFB-GWF<br><br>ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff Pamela Petersen's ("Petersen") Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), ECF No. 33, and Petersen's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), ECF No. 35.

## II. BACKGROUND

Petersen challenged the final decision of the Commissioner of the Social Security Administration to deny her application for social security benefits. ECF No. 3. The Court found in favor of Petersen in 2015, ordering the matter to be remanded to the Administration for award and calculation of benefits. ECF No. 31.

Petersen now moves for attorney fees under 28 U.S.C. § 2412—the EAJA—and costs under 28 U.S.C. § 1920. ECF No. 33. Specifically, Petersen seeks $4,012.94 in fees and expenses payable to the Law Offices of Lawrence D. Rohlfing. Id. The Commissioner opposes the motion, arguing the fees are unreasonable and, if any are awarded, should be directed to Petersen directly rather than her counsel. ECF No. 34.

///

Petersen also moves for attorney fees under 42 U.S.C. § 406(b). ECF No. 35. Marc V. Kalagian, Petersen's counsel, petitions the Court for attorney fees in the amount of $29,769.00 based on a contingency-fee agreement. Id. The Commissioner takes no position in relation to the § 406(b) motion. ECF No. 36.

### III. DISCUSSION

The Court first determines Petersen's § 406(b) motion and then Petersen's EAJA motion.

#### A. § 406(b) Fees

Petersen's counsel seeks attorney fees under § 406(b) based on the contingency-fee agreement between Petersen and her counsel. Counsel requests $29,769.00, which is 25% of the past-due benefits awarded as a result of Petersen's successful challenge to the Commissioner's decision. Under § 406(b), the Court may award a fee of up to 25% of the past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A)(ii)(I). The fee must be reasonable. Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009); see also Gisbrecht v. Barnhart, 535 U.S. 789 (2002). The Court finds the contingency fee reasonable under Gisbrecht based on the contingency nature of the representation, the time spent on the matter, and the result obtained by counsel.

#### B. EAJA Fees and Costs

Petersen also moves for attorney fees under the EAJA. The EAJA provides that a prevailing party other than the United States should be awarded attorney's fees and other expenses that party incurs in any civil action by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A district court's award of EAJA attorney fees must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir.2001). In assessing reasonableness, courts examine the number of hours reasonably expended on the case, the reasonable hourly rate, and the level of success achieved by the plaintiff. Id. at 1145, 1147 (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 435 (1983)).

The Commissioner argues the sought-after fees are excessive. The Commissioner specifically takes issue with Petersen's counsel spending 17.8 hours (of 22.4 hours) on reviewing

the record, conducting legal research, and drafting a motion for remand or reversal. The Commissioner therefore seeks to reduce the 17.8 hours to 8.9 hours based on the complexity—or lack thereof—of this matter.

The Court disagrees with the Commissioner and finds that the requested fees under the EAJA are reasonable. This matter consists of a 603-page record, which analyzes medical impairments, medical assessments, and decisions of law by administrative law judges and the Commissioner. The fact that Petersen's motion for remand or reversal spanned only 14 pages does not convince the Court otherwise. Review of the record would still be necessary to form the Petersen's arguments as to why her treating physician's determinations should be credited and why the administrative law judge erred in the decisions regarding credibility. Thus, while Petersen's counsel may have copied his legal standards from other briefs, the motion contains cites to the record in this matter. The Court therefore awards the requested $4,012.94 requested under the EAJA.

Petersen's counsel requests that the EAJA fees be made payable to counsel rather than Petersen, which the Commissioner opposes. The dispute, however is moot based on the Court awarding attorney fees under § 406(b) above in an amount reaching the 25% statutory maximum allowed for attorney fees. The § 406(b) award requires the additional EAJA fees to be paid to Petersen. See Gisbrecht, 535 U.S. at 796 ("Fee awards may be made under both [the EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee. Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.") (internal citations and punctuation omitted).

### IV. CONCLUSION

**IT IS ORDERED** that Plaintiff Pamela Petersen's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 35) is GRANTED. The Court awards $29,769.00 to Counsel Marc Kalagian, which shall be made payable to Law Offices of Lawrence D. Rohlfing.

1  **IT IS FURTHER ORDERED** that Plaintiff Pamela Petersen's Motion for Attorney Fees Under the Equal Access to Justice Act (ECF No. 33) is GRANTED in part and DENIED in part. The Court awards $4,012.94 in attorney fees and costs under the EAJA. The fees shall be made payable to Petersen rather than Petersen's counsel.

DATED: October 22, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**